**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 12-4692**

─────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

DARRELL SPENCER,

              Defendant - Appellant.

─────────

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  John T. Copenhaver, Jr., District Judge.  (2:12-cr-00035-1)

─────────

Submitted: March 28, 2013         Decided:  April 9, 2013

─────────

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────

Affirmed by unpublished per curiam opinion.

─────────

John H. Tinney, Jr., THE TINNEY LAW FIRM, PLLC, Charleston, West Virginia, for Appellant.  Monica D. Coleman, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrell Spencer appeals his 120-month below-Guidelines sentence imposed after he pled guilty to aiding and abetting the distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2006), and 18 U.S.C. § 2 (2006). On appeal, counsel for Spencer filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal but questioning whether the district court properly applied the career offender enhancement in the Sentencing Guidelines. Spencer has not filed a supplemental pro se brief, despite notice of his right to do so. We affirm.

"A defendant is a career offender if (1) [he] was at least eighteen years old at the time [he] committed the instant offense . . . ; (2) the instant offense . . . is a felony that is . . . a controlled substance offense; and (3) [he] has at least two prior felony convictions of . . . a controlled substance offense." U.S. Sentencing Guidelines Manual § 4B1.1(a) (2011). "Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense [and that] . . . , whenever imposed, . . . resulted in the defendant being incarcerated during any part of such fifteen-year period [is counted]." Id. § 4A1.2(e); see id. § 4B1.2

2

cmt. n.3 (counting provisions of § 4A1.2 are applicable to counting of convictions under § 4B1.1).

Spencer was convicted of distribution of cocaine base in 1990 and was sentenced to sixty months in prison. He was placed on supervised release in 1994. His supervised release was revoked in January 1996, and Spencer returned to prison until October 1997. In 2002, Spencer was convicted of conspiracy to distribute cocaine and sentenced to fifteen years in prison with ten years suspended. Spencer remained incarcerated until June 2007. The drug sale on which Spencer's instant conviction is based occurred on August 18, 2011. Both of Spencer's prior drug felonies resulted in his incarceration during the fifteen years prior to the instant offense and, accordingly, application of the career offender enhancement was proper. Our review of the record leads us to conclude that Spencer's below-Guideline sentence was neither procedurally nor substantively unreasonable.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Spencer, in writing, of the right to petition the Supreme Court of the United States for further review. If Spencer requests that a petition be filed, but counsel believes that such a petition would be frivolous, then

counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Spencer.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4